United States District Court
District of Massachusetts

| | |
|---|---|
| Jerry Phillips,<br><br>      Plaintiff,<br><br>      v.<br><br>Warden Bowers,<br><br>      Defendant. | Civil Action No.<br>25-10260-NMG |

MEMORANDUM & ORDER

GORTON, J.

Respondent, Warden Bowers ("respondent"), moves to dismiss a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by petitioner, Jerry Phillips ("petitioner"). For the reasons that follow, the motion to dismiss will be allowed.

I. **Background**

In June, 2023, petitioner was sentenced to 84 months of imprisonment and five years of supervised release based upon his convictions for conspiracy to commit wire fraud, 18 U.S.C. §1349, possession of a machine gun, 18 U.S.C. §§922(o), 924(a), and aggravated identity theft, 18 U.S.C. §1028A(a).

Following his sentencing, petitioner was initially imprisoned in several state-run facilities and then transferred to the Federal Transfer Center in Oklahoma City, Oklahoma, as a "holdover inmate" in the custody of the United States Marshals Service. Petitioner arrived at his "designated facility," Low

- 1 -

Security Correctional Institution in North Carolina, in January, 2024, and ultimately was relocated to the Devens Federal Medical Center in Ayer, Massachusetts. Petitioner has since filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

The primary basis for his §2241 habeas petition, and respondent's motion to dismiss, is the First Step Act ("FSA"). Congress enacted the FSA to evaluate the risk of prisoners reoffending and offer programming to discourage recidivism. 18 U.S.C. §3632(a). To comply with the FSA, the Bureau of Prisons ("BOP") must complete a preliminary risk assessment of its inmates and then incentivize participation in programs designed to reduce recidivism, such as in-prison work programs, by awarding "time credits." 18 U.S.C. §3632(d). If a prisoner earns sufficient credits, he qualifies for early release. Id.

By statute, a prisoner cannot begin earning time credits "prior to the date that the prisoner's sentence commences under section 3585(a)." Id. §§3632(d)(4)(B)(ii). Section 3585(a), in turn, defines a prisoner's sentence to have commenced on

> the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.

18 U.S.C. §3585(a). Based upon that statute, the BOP promulgated a regulation explaining that eligible prisoners cannot begin earning time credits under the FSA prior to

>      the date the inmate arrives . . . at the designated . . .
>      facility where [his] sentence will be served.

28 C.F.R. §523.42(a).

Petitioner challenges the validity of that regulation. According to his petition, the regulation in §523.42(a) fails to adhere to the statutory text of the FSA and, by excluding time credits for the period he spent in custody before arriving at his designed facility, the regulation wrongfully denied him time credits toward early release. Respondent now moves to dismiss.

## II. Legal Standard

This Court reviews motions to dismiss a habeas petition "according to the same principles" applied in other civil cases under Fed. R. Civ. P. 12(b)(6). Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass. 2023). Accordingly, a habeas petition must state a plausible claim for relief to survive a motion to dismiss. Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-cv-11833-ADB, 2021 WL 681689, at *1-*2 (D. Mass. Feb. 22, 2021) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Delgado v. Dennehy, 503 F. Supp. 2d 411, 413 (D. Mass. 2007) (recognizing that the standard for a motion to dismiss under Rule 12(b)(6) is "not inconsistent with the habeas rules").

## III. Analysis

To present a viable §2241 habeas petition, the petitioner must first exhaust his administrative remedies within the BOP

before seeking relief in federal court. Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999); Rodriguez-Rosa v. Spaulding, No. CV 19-11984-MBB, 2020 WL 2543239, at *7 (D. Mass. May 19, 2020) ("A section 2241 petition . . . is subject to dismissal if the prisoner fails to exhaust his administrative remedies with the BOP."). The BOP's administrative remedies program sets out a multi-level appeals process for successful exhaustion. See Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass. 2020).

Petitioner here concedes that he failed fully to exhaust his administrative remedies within the BOP before filing his §2241 petition with this Court. Nevertheless, he submits that the exhaustion requirement should be waived in this case because exhaustion would be futile. See Rodriguez-Rosa, 2020 WL 2543239, at *10 (recognizing that §2241 petition can proceed despite a failure to exhaust if it would prove to be "patently futile").[1]

Whether exhaustion is deemed futile, and therefore excusable, is a matter on which this Court has "some leeway." Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 176 (1st Cir. 2016). In deciding whether to require exhaustion under §2241, courts must balance a petitioner's interest in

---

[1] For reasons that are unclear, respondent's motion does not address this aspect of petitioner argument but, once such a motion is filed, this Court may dismiss on grounds "not fully briefed." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 243 n.2 (1st Cir. 2006).

"retaining prompt access to a federal judicial forum" against the BOP's "institutional interests favoring exhaustion." Id.

A petitioner's interest would be paramount if the exhaustion requirement would cause him "undue prejudice." Id. An agency's interest, by contrast, strongly favors exhaustion because it "discourages disregard" for established remedial procedures. Woodford v. Ngo, 548 U.S. 81, 89 (2006) (internal quotations omitted). It likewise affords agencies such as the BOP the "first opportunity to apply [its] expertise" to the issues presented. Anversa, 835 F.3d at 175 (citation omitted).

Here, after careful consideration of the interests of both parties, the Court finds that this case presents a nearly identical circumstance to Bull v. Bowers, No. CV 24-11843-NMG, 2025 WL 1080915 (D. Mass. Apr. 10, 2025), and warrants the same conclusion: that requiring exhaustion would not be futile. As the Court explained in Bull, it is presumed, in favor of the BOP, that exhaustion is warranted here to prevent petitioner from bypassing established remedial schemes. See Woodford, 548 U.S. at 89; Anversa, 835 F.3d at 175. Likewise, the calculation and administration of sentences like petitioner's falls squarely within the "special expertise" of the BOP and thus favors a requirement of exhaustion. Walsh, 652 F. Supp. 3d at 169.

Petitioner, by contrast, fails to demonstrate why the proper adjudication of his claim within the BOP would be unduly

prejudicial. He is not due for release for several years, even if his sentence were reduced as requested. Thus, the relief sought will not be diminished during the time it takes to exhaust his remedies. Cf. id. (recognizing prejudice arises if there is "unreasonable . . . timeframe" to obtain relief).

Petitioner also relies on cases that, although in support of waiving exhaustion, see, e.g., Hare v. Ortiz, No. CR 18-588-1(RMB), 2021 WL 391280, at *3 (D.N.J. Feb. 4, 2021) (waiving exhaustion for challenge to validity of BOP regulation); Patel v. Barron, No. C23-937-KKE, 2023 WL 6311281, at *4 (W.D. Wash. Sept. 28, 2023) (same), are distinguishable. Unlike those cases, this case does not turn on a regulatory issue alone because it is unclear that the BOP will deny the relief petitioner seeks based solely on its reading of §523.42(a). Rather, respondent cites other grounds that may warrant denying petitioner credits, namely a lack of evidence that he completed eligible programming before reaching his designated facility.

Accordingly, the Court will allow respondent's motion to dismiss the habeas petition. See Bull, 2025 WL 1080915, at *2 (dismissing §2241 habeas petition for failure to exhaust administrative remedies); Nygren v. Boncher, 578 F. Supp. 3d 146, 149 (D. Mass. 2021) (same); Dunfee v. Barry, Civil Action No. 17-40108-DHH, 2018 WL 4571659, *2-*3 (D. Mass. Sept. 24, 2018) (same), appeal dismissed, 2019 WL 1858264 (Jan. 18, 2019).

## ORDER

For the foregoing reasons, the motion to dismiss of respondent, Warden Bowers, (Docket No. 14) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: May 28, 2025